**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff and the Putative Classes

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA HUNT, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>SANDERLING RENAL SERVICES - USA, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive.<br><br>        Defendants. | CASE NO.: 4:25-cv-00159- SK<br><br>**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT:**<br><br>(1) FAILURE TO PAY ALL MINIMUM WAGES;<br>(2) FAILURE TO PAY ALL OVERTIME WAGES;<br>(3) MEAL PERIOD VIOLATIONS;<br>(4) REST PERIOD VIOLATIONS;<br>(5) FAILURE TO PAY ALL SICK TIME;<br>(6) WAGE STATEMENT VIOLATIONS;<br>(7) WAITING TIME PENALTIES;<br>(8) FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES;<br>(9) UNFAIR COMPETITION; &<br>(10) PAGA PENALTIES |

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Shawna Hunt ("Plaintiff"), on behalf of herself and all other similarly situated non-exempt employees, alleges and complains of Defendant Sanderling Renal Services - USA, LLC ("Defendant") and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

**INTRODUCTION**

1.     Defendant provides high-quality dialysis and nephrology services to rural communities and home dialysis patients across the USA.

2.     Plaintiff brings this class action lawsuit against Defendant for alleged violations of the California Labor Code and Business and Professions Code.

3.     As set forth below, Plaintiff alleges that Defendant failed to pay for all hours worked due to its unlawful rounding/time editing policy/practice. Plaintiff further alleges that Defendant failed to pay all overtime and sick pay compensation at the proper legal rates by failing to properly calculate the "regular rate of pay." Moreover, Plaintiff alleges that Defendant's meal and rest period policies and practices failed to allow and permit non-exempt employees to take all compliant and timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu thereof. Plaintiff further alleges that Defendant failed to provide non-exempt employees with accurate written itemized wage statements in violation of Labor Code § 226(a), failed to reimburse all necessary business expenses incurred, and failed to timely pay all final wages upon separation of employment in violation of Labor Code §§ 201-203.

4.     Plaintiff also brings a claim for civil penalties based on the foregoing Labor Code violations under the Private Attorney General Act ("PAGA").

5.     Based on these alleged Labor Code violations, Plaintiff now brings this class action and representative action to recover unpaid wages, restitution, penalties, and other related relief for herself and all other similarly situated non-exempt employees.

2

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

## JURISDICTION AND VENUE

6.     Plaintiff, on behalf of herself and all other similarly situated employees hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 210, 226(a), 226(a)(6), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, 2802-2804, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et seq*.

7.     This class action is brought pursuant to California Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23.

8.     On January 16, 2025, Defendant removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 on the grounds that diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Plaintiff worked for Defendant within the County of Del Norte, California.

## PARTIES

10.     At all relevant times herein, Plaintiff, who is over 18, was and currently is a California resident residing in the State of California.

11.     Plaintiff is informed, believes, and alleges that Defendants are authorized to do business within the County of Del Norte and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by California Labor Code §§ 201-204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, 2802-2804, and the California Business and Professions Code § 17200 *et seq*., and

3

applicable Wage Orders.

12.  Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Del Norte.

13.  Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

14.  Plaintiff is informed, believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

15.  At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

16.     Defendant brings high-quality dialysis and nephrology services to rural communities and home dialysis patients across the USA.

17.     Plaintiff is employed by Defendant as a non-exempt employee with the title of "Registered Nurse / Acting Manager" out of its Crescent City, California, location, beginning on February 28, 2024, until her separation from employment on October 17, 2024. Plaintiff and other non-exempt employees (including, but not limited to, Dialysis Technician, Hemodialysis Technician, Front Desk Manager, Registered Nurse, Administrative Assistant, and all other non-exempt positions) were responsible for all aspects of Defendant's business in California. However, in these roles, Plaintiff and non-exempt employees were often not afforded all protections and rights conferred under the California Labor Code and applicable wage orders.

18.     At all relevant times, Plaintiff and other non-exempt employees regularly worked various shifts, many of which were more than 8.0 hours in a workday and 40.0 hours in a workweek. Plaintiff alleges that other non-exempt employees were also subjected to the same policies, procedures, practices, working conditions, and corresponding wage and hour violations to which she was subjected during her employment.

19.     First, at all relevant times, Defendant has consistently failed to accurately record and pay for all time worked, including the time non-exempt employees were under the employer's control. This included a policy and practice of unevenly rounding and/or editing Plaintiff's and non-exempt employees' time entries to the nearest 15-minute interval. Additionally, Defendant had a practice of auto deducting 30 minutes for meal periods from non-exempt employees' time entries regardless of whether a full 30-minute uninterrupted meal was provided or taken. As a result of this company-wide policy/practice, Plaintiff and other non-exempt employees are not compensated for all the hours that they work and all of the overtime hours they work, in violation of Labor

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

20.    California courts have held that rounding time policies can be lawful "if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked. *See's Candy Shops v. Superior Court* (2012) 210 Cal.App.4th 889, 907 (29 C.F.R. § 785.48; see DLSE Manual, supra, §§ 47.1, 47.2.)."

21.    Here, Defendant's rounding time policy/practice is not neutral on its face or in its application as Plaintiff and other non-exempt employees are subject to discipline, including termination for being tardy in reporting to work, or returning from a meal period. Moreover, because Defendant is easily capable of tracking the time worked by non-exempt employees to the minute, the policy itself exists not for the convenience or benefit of the employees who are trying to report their time on timecards or otherwise, but for Defendant's benefit.

22.    As a result, over a period of time, Plaintiff and other non-exempt employees were not properly paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 1194, 1197.1, 1199, and applicable Wage Orders. Additionally, due to the unlawful rounding policy/practices, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift in violation of Labor Code § 510.

23.    Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law or by an order of the commission a civil penalty, restitution of wages, and liquidated damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally

committed.

24.    Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

25.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees worked regular shifts that lasted longer than 8.0 hours in a workday and resulted in non-exempt employees regularly working more than 40 hours in a workweek. However, Defendant failed to properly calculate and pay overtime wages at the proper legal rate due to Defendant's uniform failure to include all forms of compensation/remuneration, including, but not limited to, commissions, incentives, shift pay, non-discretionary bonuses, and all other forms of remuneration in calculating the "regular rate of pay" for purposes of overtime compensation.

26.    Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 4 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgment to Plaintiff under California and federal law on the grounds, that Defendant improperly calculated overtime by

excluding annual bonuses paid to employees from the "regular rate of compensation"]; see *Walling v. Youngerman-Reynolds Hardwood Co*. (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. It is not an arbitrary label chosen by the parties but an actual fact. Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§ 778.110 ("production bonus") and 778.111 ("piece-rate").

27.    By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendant willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

28.    Similarly, at all relevant times, Defendant also failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

29.    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

30.    Here, at all relevant times, Defendant failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the appropriate "regular rate of pay," including all forms of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendant paid sick time below his base rate of pay rather than the "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).

31.    Moreover, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendant's uniform meal period policies/practices, operational requirements, and work demands, Plaintiff and other non-exempt employees often could not take timely and uninterrupted net 30-minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, they were not allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

32.    Making matters worse, at all relevant times, Defendant automatically deducted 30 minutes from non-exempt employees' time entries for meal periods whether or not the meal periods were taken were actually 30 net minutes in length. Defendant's policy/practice automatically deducted 30 minutes for meal periods, regardless of whether a 30-minute meal period was actually taken. Indeed, Plaintiff's and other non-exempt employees' meal periods were often interrupted and/or lasted fewer than 30 minutes due to Defendant's meal period policies/procedures, operational requirements, and work demands.

33.    In addition, for each missed or non-compliant meal period, Defendant

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

Case 3:25-cv-00159-SK    Document 24    Filed 05/06/25    Page 10 of 28

failed and continues to fail to maintain a mechanism by which non-exempt employees were paid meal period premiums at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code § 226.7.

34.    Accordingly, due to Defendant's uniform meal period practices, non-exempt employees were also regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 510, 516, and applicable Wage Orders.

35.    Next, at all relevant times, Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due to Defendant's uniform rest period policies/practices, operational requirements, and work demands. As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-minute duty-free rest period for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in a workday.

36.    By not relieving all non-exempt employees of all duties during rest periods, Defendant failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc*. (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*, the California Supreme Court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained: "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id*. at 273. Each time non-exempt employees could not take a compliant rest period; Defendant failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

37.    Accordingly, due to Defendant's uniform rest period policies/practices, non-exempt employees were regularly denied legally compliant rest breaks in violation

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

of Labor Code §§ 226.7, 512, and applicable Wage Orders.

38.    As a result of Defendant's failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendant, including all minimum, overtime and sick pay wages, Defendant's failure to adequately pay for all overtime and sick pay wages at the appropriate legal rate, and Defendant's failure to pay all meal and rest period premiums at the "regular rate of pay," Defendant issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

39.    Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

40.    Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). Consequently, because Defendant failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code § 226(e).

41.    Moreover, because Defendant failed to pay all minimum wages, overtime wages, sick pay wages and meal and rest period premiums at the "regular rate of pay," Defendant also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be entitled to recover waiting time penalties under Labor Code §§ 201-203.

42.    Finally, at all relevant times, Defendant required Plaintiff and other non-exempt employees to incur necessary expenses for work-related purposes but did not

11

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

reimburse non-exempt employees adequately for these necessary expenditures in violation of Labor Code §§ 2802-2804. Here, Defendant uniformly failed to reimburse non-exempt employees for all necessary costs incurred in discharging their duties. (*See Cochran v. Schwan's Home Service, Inc.,* (2014) 228 Cal.App.4th 1137, 1144 ["[i]f an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for the purposes of section 2802. It does not matter whether the phone bill is paid for by a third person or at all...To show liability under section 2802, an employee needs only to show that he or she was required to use a personal cell phone to make work-related calls, and he or she was not reimbursed"].). Accordingly, due to Defendant's uniform failure to adequately reimburse for necessary business expenditures in violation of Labor Code §§ 2802-2804 and applicable Wage Orders.

/ / /

## CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action on behalf of herself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All current or former non-exempt hourly employees who work or worked for Defendant in California during the four years immediately preceding the filing of the Complaint through the date of trial. (the "Class");

> All current or former non-exempt employees who worked for Defendant in California and worked overtime hours during at least one shift during the four years immediately preceding the filing of the Complaint through the date of trial. ("the Overtime Subclass");

> All current or former employees who work or worked for Defendant in California during the one year immediately preceding the filing of the Complaint through the date of trial. ("the Wage Statement Subclass")

> All employees who work or worked for Defendant in California

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

and who left their employment during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass")

(collectively "the Classes")

44.     **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment and payroll records.

45.     **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1.     Whether Defendant rounding policy/practice failed to accurately record and pay for all hours worked by Class Members;

2.     Whether Defendant failed to properly calculate the "regular rate of pay" for purposes of paying overtime and sick pay wages to the members of the Class;

3.     Whether Defendant provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Class;

4.     Whether Defendant furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a);

5.     Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful; and

6.     Whether Defendant failed to reimburse Class Members for all necessary business expenses in violation of Labor Code §§ 2802-2804.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

46.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to pay for all hours worked, Defendant's failure to properly pay overtime and sick pay wages, Defendant's failure to provide all compliant meal and rest periods or premiums at the "regular rate of pay" in lieu thereof, Defendant's failure to provide accurate itemized wage statements, Defendant's failure to reimburse for all necessary business expenses, and Defendant's failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

47.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendant as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of minimum. overtime and sick pay wages, was deprived of meal and rest period premium wages, was subject to Defendant's uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, was not reimbursed for all necessary business expenses, and was not timely paid all wages owed upon separation of employment.

48.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

49.   **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they could exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

50.   Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein and which would establish potentially incompatible standards of conduct for Defendant; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 43 are maintainable as Classes under § 382 of the Code of Civil Procedure.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

51.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

52.     Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

53.     At all relevant times herein, Defendant failed to record all time accurately worked, including Defendant's uniform and unlawful rounding and/or time editing policy/practice and practice of automatically deducting 30 minutes for meal periods from non-except employees' time entries, which resulted in these individuals not being paid for all hours they actually suffered or permitted to work. Accordingly, Plaintiff and members of the Classes were not compensated for all hours worked, including all hours they were subject to the control of Defendant and/or suffered or permitted to work under the Labor Code and applicable Wage Orders.

54.     Labor Code § 1198 makes an employee's employment unlawful under conditions the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

55.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial,

and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendant's violations of the Labor Code and applicable Wage Orders.

56.    Defendant's practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 558, 1194 *et seq*., 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

57.    Plaintiff re-alleges and incorporates all previous paragraphs by reference.

58.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed off-the-clock.

59.    At all times relevant herein, Defendant was required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

60.    Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendant caused Plaintiff to work overtime and hours but did not compensate Plaintiff

17

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

1  or members of the Overtime Subclass at one and one-half times their "regular rate of
2  pay" for such hours.

3      61.    Defendant failed to conform their pay practices to the requirements of the
4  law. At all relevant times herein, Defendant failed to conform their pay practices to the
5  requirements of the law. This unlawful conduct includes, but is not limited to,
6  Defendant's time rounding and/or time editing policy/practice, Defendant's practice of
7  automatically deducting 30 minutes for meal periods from non-except employees' time
8  entries, and Defendant's failure to include all forms of compensation, including, but
9  not limited to, non-discretionary bonuses, shift pay, and other incentive pay in
10 calculating the "regular rate of pay," which resulted in these individuals not being paid
11 for all overtime hours worked.

12     62.    The foregoing policies and practices are unlawful and create an
13 entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a
14 civil action for the unpaid amount of overtime wages, including interest thereon,
15 statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204,
16 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure §
17 1021.5.

18                 **<u>THIRD CAUSE OF ACTION</u>**

19                 **MEAL PERIOD VIOLATIONS**

20                 **(AGAINST ALL DEFENDANTS)**

21     63.    Plaintiff re-alleges and incorporates all previous paragraphs by reference.

22     64.    Plaintiff is informed and believes, and based thereon alleges, that
23 Defendant failed in their affirmative obligation to provide all of their hourly non-
24 exempt employees, including Plaintiff and members of the Class, with all required
25 meal periods in accordance with the mandates of the California Labor Code and
26 applicable Wage Orders, for the reasons set forth in the Common Allegations section
27 of this Complaint. This includes a policy and practice of auto-deducting meal periods
28 from non-except employees' time entries.

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

65.    Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

66.    As a result, Defendant is responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

67.    Plaintiff re-alleges and incorporates all previous paragraphs by reference.

68.    Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

69.    Due to their unlawful rest period policy/practices and operational requirements/work demands, Defendant did not authorize and permit Plaintiff and Class members to take all rest periods to which they were legally entitled.

70.    Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

71.    The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL SICK TIME

### (AGAINST ALL DEFENDANTS)

72.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

73.    This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

74.    At all times relevant herein, Defendant was required to properly pay Plaintiff and Class members for all sick time pursuant to California Labor Code § 246 and the applicable Wage Orders.

75.    Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."  Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

76.    Defendant failed in their obligation to provide Plaintiff and the Class the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b). Plaintiff and the Class members were not paid at the correct "regular rate of pay."

77.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including interest thereon, statutory penalties, attorney's

FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT

fees, and costs of suit according to Labor Code §§ 246 1192, 1194 *et seq*., 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS)**

78.     Plaintiff re-alleges and incorporates all previous paragraphs by reference.

79.     Labor Code 226(a) states in pertinent part the following:

> "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

80.     As set forth above, during the Class Period, Defendant issued and continues to issue wage statements to its employees, including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section § 226(a).

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

81.   As a result of Defendant's failure to pay Plaintiff and the Wage Statement Subclass for all minimum, overtime, sick pay wages and missed meal and rest period premiums at the appropriate legal rate, Defendant failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a), (1,2,5,6 and 9).

82.   Defendant' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

83.   As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendant's pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

84.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

85.   The actionable period for this cause of action is three years before the filing of this Complaint through the present and ongoing until the violation is corrected, or the class is certified.

86.   Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time their employment is or was terminated or ended.

87.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

sections 201 and 202, the employer is liable for penalties for continued compensation up to thirty (30) workdays.

88.   Defendant willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum and overtime wages, and their meal and rest period premiums at the "regular rate of pay" before or upon termination or separation from employment with Defendant as required by Labor Code §§ 201 and 202.

89.   As a result, Defendant is liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any wages due upon termination entitles an employee to recover waiting time penalties).

## EIGHT CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES (AGAINST ALL DEFENDANTS)

90.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

91.   Labor Code 2802(a) states in pertinent part the following: "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

92.   As set forth above, Plaintiff and Class members must be compensated for all necessary business expenditures, including, but not limited to, a reasonable portion of their monthly personal cell phone bills incurred in the discharge of their duties. (See *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

1    is a reasonable percentage of their cell phone bills.").

2        93.    At all relevant times, Defendant has failed to comply with Labor Code

3    Section 2802 and the applicable Wage Orders by failing to reimburse Plaintiff and the

4    Class for all necessary business expenditures.

5                            **NINTH CAUSE OF ACTION**

6                              **UNFAIR COMPETITION**

7                            **(AGAINST ALL DEFENDANTS)**

8        94.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

9        95.    Defendant has engaged and continues to engage in unfair and/or unlawful

10   business practices in California in violation of California Business and Professions

11   Code § 17200 *et seq*., by failing to pay for all hours worked, by failing to pay all

12   overtime and sick pay wages at the proper legal rate, by failing to provide all legally

13   required meal and rest periods or pay premium payments at the "regular rate of pay"

14   in lieu thereof, by failing to provide accurate wage statements, by failing to reimburse

15   for all necessary business expenses adequately, and by failing to pay all earned wages

16   at the time of separation from employment.

17       96.    Defendant's utilization of these unfair and/or unlawful business practices

18   deprived Plaintiff and continues to deprive members of the Classes of compensation to

19   which they are legally entitled, constitutes unfair and/or unlawful competition, and

20   provides an unfair advantage over Defendant's competitors who have been and/or are

21   currently employing workers and attempting to do so in honest compliance with

22   applicable wage and hour laws.

23       97.    Because Plaintiff is a victim of Defendant's unfair and/or unlawful

24   conduct alleged herein, Plaintiff, for herself and on behalf of the members of the

25   Classes, seeks full restitution of monies, as necessary and according to proof, to restore

26   any and all monies withheld, acquired and/or converted by Defendant pursuant to

27   Business and Professions Code §§ 17203 and 17208.

28       98.    The acts complained of herein occurred within the last four years

24

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

immediately preceding the filing of the Complaint in this action.

99.    Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendant's current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

///

## TENTH CAUSE OF ACTION
### PRIVATE ATTORNEYS GENERAL ACT
### (AGAINST ALL DEFENDANTS)

100.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

101.    Defendant has committed several Labor Code violations against Plaintiff and other similarly aggrieved employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq*., acting on behalf of herself and other similarly aggrieved employees, brings this PAGA representative action against Defendant to recover the civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to (1) $100 for each initial violation and (2) $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided based on the following Labor Code violations:

a)    Failing to pay Plaintiff and similarly Aggrieve Employees for all minimum wages for all hours worked or for which they were subject to the control of the employer;

b)    Failing to pay Plaintiff and other similarly Aggrieved Employees all overtime and sick pay wages at the appropriate premium rates in violation of Labor Code §§ 246, 510, 1194, 1197;

c)     Failing to provide Plaintiff and other similarly Aggrieved Employees with all of their statutorily mandated meal periods in violation of Labor Code §§ 204, 510, 1194 and 1198;

d)     Failing to authorize and permit Plaintiff and other similarly Aggrieved employees with all of their statutorily mandated rest periods in violation of Labor Code §§ 226.7 and 516;

e)     Failing to furnish Plaintiff and other similarly situated employees with complete, accurate, itemized wage statements in violations of Labor Code § 226(a) and applicable Wage Orders;

f)     Failing to pay final wages in a timely manner in violation of Labor Code §§ 201-203 and applicable Wage Orders; and

g)     Failing to reimburse Plaintiff and other aggrieved employees with all necessary business expenditures in violation of Labor Code §§ 2802-2804 and applicable Wage Orders.

102.   On or about November 5 2024, Plaintiff notified Defendant Sanderling Renal Services - USA, LLC ("Defendant") and the California Labor and Workforce Development Agency ("LWDA") via email of Defendant's violations of the California Labor Code § 2698 *et seq*., with respect to violations of the California Labor Code identified in Paragraph 101 (a)-(g). Now that the sixty-five days have passed from Plaintiff notifying Defendant of these violations, Plaintiff has exhausted her administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

103.   Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and the interests of similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendant. Plaintiff has hereby incurred attorneys' fees and costs, which she is entitled to receive under California Labor Code § 2699.

## PRAYER FOR RELIEF

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

**WHEREFORE**, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendant, as follows:

1.      For an order certifying the proposed Classes;

2.      For an order appointing Plaintiff as representative of the Classes;

3.      For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.      Upon the First and Second Cause of Action for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, 1197.1, and 1198 and reasonable attorneys' fees and costs;

5.      Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198 and reasonable attorneys' fees and costs;

6.      Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7.      Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8.      Upon the Fifth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1198, and 1199;

9.      Upon the Sixth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

10.      Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203

11.      Upon the Eighth Cause of Action, for unreimbursed expenses, interest, and attorney's fees and costs pursuant to Labor Code § 2802;

12.      Upon the Ninth Cause of Action, for restitution to Plaintiff and members

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**

of the Classes of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

13.     Upon the Tenth Cause of Action, for civil penalties due to Plaintiff, other similarly Aggrieved Employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to: (1) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided under the Labor Code, and for reasonable attorneys' fees and costs;

14.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

15.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

16.     For such other relief that the Court may deem just and proper.

Dated: May 6, 2025                              **FALAKASSA LAW, P.C.**
                                                **BOKHOUR LAW GROUP, P.C.**

                                                */s/ Mehrdad Bokhour*

                                    By:_____
                                                Joshua Falakassa, Esq.
                                                Mehrdad Bokhour, Esq.
                                                Attorneys for Plaintiff and the Putative Classes

**FIRST AMENDED CLASS AND PAGA ACTION COMPLAINT**